## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| John R. Day, | : | Case No. 1:09CV0266 |
| | : | |
| Petitioner | : | Judge James Gwin |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Richard Hall, Warden, et al., | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondents | : | |

On June 26, 2009 respondent moved to dismiss this action in habeas corpus, 28 U.S.C. §2254, as not filed within the limitation period prescribed by 28 U.S.C. §2244(d)(1), which provides that such an action must be filed within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Pursuant to 28 U.S.C. §2244(d)(2) the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not responded to this motion, and it is quite clear that respondent's position is correct.

On December 18, 2000 petitioner was found guilty of murder, with a firearm specification, and of felonious assault, and was sentenced to fifteen years to life on the murder charge, with three years on the firearm specification to be served prior to and consecutive to the sentence on this murder charge, and five years on the felonious assault charge, to be served concurrently with the sentence on the murder charge.

On that date the one-year limitation period began to run.

On January 12, 2001 an appeal was prosecuted to the Eighth District Court of Appeals, which resulted in an affirmance of the judgment of the trial court on December 31, 2001. That almost one year pendency of the direct appeal tolled the running of the limitation period, which began to run again on December 31, 2001.

Without figuring exact dates, the one year limitation period would have expired in early December of 2002 (one year from the affirmance of his convictions, less the three plus weeks between the date of conviction and the filing of the notice of appeal).

Although petitioner filed pro se a motion to vacate sentence, a motion to withdraw guilty plea (a rather peculiar motion considering that he went to trial upon pleas of not guilty), and a motion for new trial, each of which was denied, all of those were filed later than December 2002, the first being filed in April 2003 and the last in August 2006. Therefore, they would have no tolling effect on the one year limitation period.

This action was filed on February 1, 2009, more than six years after the one year limitation period closed.

It is recommended that respondent's unopposed motion to dismiss be granted.


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE:   July 10, 2009


**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).